D. Maimon Kirschenbaum
Lucas Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the proposed FLSA*
*Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

| | |
|---|---|
| **MALIK AJALA and BLAGOJ VASILËV**<br>**on behalf of themselves and others similarly**<br>**situated,**<br><br>          **Plaintiff,**<br><br>          v.<br><br>**143 CAFÉ INC. d/b/a TOSCANA 49,**<br>**DORJAN KALAJA, DRITON MILA,**<br>**RAMADAN MILA, and GAZMEND**<br>**HODZIC,**<br><br>          **Defendants.** | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

--------------------------------------------------------x

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant 143 Café Inc. is a New York corporation.  Defendant 143 Café Inc. operates Toscana 49 restaurant in midtown Manhattan.

5.      RBT Restaurant LLC has an annual gross volume of sales in excess of $500,000.

6.      Defendants Dorjan Kalaja, Driton Mila, Ramadan Mila, and Gazmend Hodzic exercise sufficient control over Toscana 49's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

7.      Defendants Kalaja, Hodzic, and Driton and Ramadan Mila are regularly present at Toscana 49.

8.      Defendants Kalaja, Hodzic, and Driton and Ramadan Mila play a role in managing Toscana 49's financials.

9.      Defendants Kalaja, Hodzic, and Driton and Ramadan Mila hire and fire employees at Toscana 49.

10.      Defendants Kalaja, Hodzic, and Driton and Ramadan Mila set employees' schedules at Toscana 49.

11.      Defendants Kalaja, Hodzic, and Driton and Ramadan Mila have the authority to discipline employees at Toscana 49.

12.      Upon information and belief, Defendants Kalaja, Hodzic, and Driton and Ramadan Mila were involved in creating the policies that are the subject of this lawsuit.

13.     Plaintiff Malik Ajala worked as a server at Toscana 49 for roughly a year, starting in December 2016.

14.     Plaintiff Blagoj Vasilev has worked at Toscana 49 as a server from March 2017 through the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

### Wage and Hour Allegations

18.     Plaintiffs' Consent to Sue forms are attached as Exhibit A.

19.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Plaintiffs often worked overtime.

21.     For example, Plaintiff Vasilev was often scheduled to and in fact did work three double shifts (lunch and dinner) and three dinner shifts in a week.

22.     Plaintiff Malik often worked one double shift and five dinner shifts per week.

23.     A double shift typically entailed about 10 hours of work.  An "opening" double shift began at 10:00 am and ended at about 9:30 p.m., with a 1.5 hour break. A non-opening double shift began at about 12:00 p.m. and lasted until 10:15/10:30 p.m. with a 1 to 1.5 hour break in between lunch and dinner services.

24.     Dinner-only shifts typically lasted about 6.5 hours.  They started around 4:00 p.m. and lasted until 10:30 p.m. for openers, and they started at 5:30 p.m. and lasted until about midnight for non-openers.

25.     Nevertheless, Defendants regularly altered Plaintiffs' time cards on these weeks and paid them for less than 40 hours.

26.     Defendants also failed to pay Plaintiffs New York's "spread of hours" premium on days when Plaintiffs worked double shifts.

27.     Defendants paid Plaintiffs pursuant to the New York tip credit.

28.     Defendants were not entitled to use tip credits to pay Plaintiffs less than the full minimum wage, because they did not give Plaintiffs proper notices of the tip credit.

4

29.     Specifically, Defendants did not give Plaintiffs as the notices required by NYLL §
195(1).

30.     Plaintiffs' weekly pay statements did not contain accurate statements of their
hours worked, in violation of NYLL § 195(3).

31.     Defendants knew that nonpayment of minimum wage/overtime would
economically injure Plaintiffs and violated federal and state laws.

32.     Defendants committed the foregoing acts against Plaintiffs and the FLSA
Collective Plaintiffs.

## Discrimination Allegations

33.     Plaintiff Malik is of Croatian descent.

34.     Plaintiff Vasilev is of Macedonian descent.

35.     Defendant Ramadan Mila regularly disparaged and berated Plaintiffs based on
their national origins.

36.     On an almost daily basis, Defendant Ramadan Mila referred to Plaintiff Malik as
a "stupid Croatian" and Plaintiff Vasilev as a "stupid Macedonian."

37.     Defendant Ramadan Mila would often call them "faggots," and say, "You need to
be fucked in the mouth."

38.     He also many times told Plaintiffs, "You two faggots need to fuck each other in
the mouth."

39.     Defendant Mila made these awful comments almost daily.  He always coupled
with nasty comments about Plaintiffs' national origins.

40.     On one occasion, Defendant Ramadan Mila, upon learning that Plaintiff Malik's
father worked for the government in Croatia, said, "He's an idiot."

41.    In or about October of 2016, Plaintiff Malik complained to Defendant Kalaja about the discrimination.

42.    Defendant Kalaja promised to take care of it, but shortly thereafter the nasty comments continued with the same frequency as before.

43.    In early January 2018, Defendants terminated Plaintiff Malik on the basis of his national origin.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

44.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

46.    Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

47.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

48.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

50.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plainitffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

51.     Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)

52.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53.     Defendants knowingly failed to pay Plaintiffs the full New York State minimum wage for all hours worked.

54.     Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

55.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)**

56.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

58.    Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

59.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,**
**N.Y. Comp. Code R. & Regs. tit. 12, §§ 146-1.6)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)**

60.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61.    Plaintiffs regularly had workdays that lasted more than ten (10) hours.

62.    Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

63.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs))**

64.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65.    Defendants did not provide Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

66.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. Code §§ 8-101 _et seq._ –National Origin/Gender/**
**Perceived Sexual Orientation Discrimination)**

67.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

68.    A copy of this Complaint will be delivered to the New York City Corporation Counsel.

9

69.    In violation of the NYCHRL, Defendants discriminated against and/or aided and abetted discrimination against Plaintiffs on the basis of their national origins, gender, and perceived sexual orientation and terminated Plaintiff Malik.

70.    As a direct and proximate result of Defendants' discrimination against Plaintiffs, they have suffered, and continue to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

71.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered, and continue to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiffs' good names and reputations, lasting embarrassment, and humiliation.

72.    Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' statutorily-protected civil rights.

73.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for lost wages, emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C.     An award of damages, according to proof, including back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G.     Pre-judgment and post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        January 30, 2018

                                 JOSEPH & KIRSCHENBAUM LLP

                                 By: _____
                                     D. Maimon Kirschenbaum
                                   Lucas Buzzard
                                   32 Broadway, Suite 601
                                   New York, NY 10004
                                   Tel: (212) 688-5640
                                   Fax: (212) 688-2548

                               *Attorneys for Named Plaintiffs and the*
                                 *proposed FLSA Collective Plaintiffs*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.